## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DERRICK MORRIS, as Administrator of the Estate of ERNEST G. MORRIS, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | FILED: AUGUST 09, 2008<br>08CV4518<br>JUDGE KOCORAS |
| vs. | ) ) | No.   MAGISTRATE JUDGE MASON |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and ROGER E. WALKER, JR., as agent, servant, and/or employee of the ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) | TC |
| Defendant. | ) ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, DERRICK MORRIS, as Administrator of the Estate of ERNEST GEOFFREY MORRIS, deceased, (hereinafter "Plaintiff"), by and through his attorneys, THE LAW OFFICES OF NICHOLAS C. SYREGELAS & ASSOCIATES, complaining of the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, and ROGER E. WALKER, JR., as agent, servant, and/or employee of the ILLINOIS DEPARTMENT OF CORRECTIONS, hereinafter "Defendant", and in support, thereof, states as follows:

### COUNT I

### VIOLATION OF CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. CODE

1. That this matter is brought by DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST GEOFFREY MORRIS, deceased, having been duly appointed by the Probate Division of the Circuit Court of Will County, Illinois.

2. That up to and including August 13, 2007, and at all times material hereto, the decedent, Ernest Geoffrey Morris, was incarcerated at Stateville Correctional Center in Joliet, Illinois. The decedent, an African-American male, born on August 15, 1960, was registered with the Illinois Department of Corrections as prisoner number N-34658.

3. That from approximately June, 2006 up to and including August 13, 2007, the decedent was under the care of the medical staff, including but not limited to Dr. Parthasarathi Ghosh, of Stateville Correctional Center, a facility of the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS.

4. That on October 18, 2006, the decedent, Ernest Morris suffered from chest pains and was admitted to University of Illinois at Chicago Medical Center (hereafter U.I.C.). He suffered from an angina, non-obstructive atherosclerosis and was treated with a left heart catheter. Decedent had been complaining of chest pain since July, 2006 and had been treated numerous times with Albuterol, Atrovent and occ steroids by the medical staff of the Defendant. Decedent's follow-up visit on July 30, 2006 resulted in a medication schedule for Insulin, Albuterol, Atrovent, Pepcid, Vasotec, chewable Aspirin, Levaquin, Prednisone, and Flovent.

5. On a follow-up visit to the medical personnel at Stateville Correctional Center on April 3, 2007, his recommendations for treatment were 40 mg Lasix and 100 mg Metogrolol bi-daily.

6. That following his discharge from U.I.C. And up to and including August 13, 2007, the medical staff for the Illinois Department of Corrections failed to properly follow the orders for medication and exercise given to the decedent by the doctors at U.I.C. Medical Center.

7. On May 21, 2007, a Health Service Investigator for the Illinois Department of Financial and Professional Regulation, Charles Thomas, wrote to Dr. Parthasarathi Ghosh

informing him of a pending investigation due to complaints filed by the decedent and two other inmates, Lydell White, N-23339, and Ray Burgess, B-65086.

8. Ms. Pat Black-O'Neal, sister-in-law of the decedent, wrote a letter to Assistant Deputy Director of the Stateville Correctional Center, Ms. Roberta Fuse, on July 25, 2007 inquiring about a medical transfer for the decedent due to his medical condition. The letter stated the decedent's medical conditions of Congestive Heart Failure, Asthma, High Blood Pressure, and Diabetes (Insulin Dependant), and also informed the Department of Corrections of pitting adema (swelling of the lower extremities) requiring daily exercise according to doctors at the University of Illinois Medical Center in Chicago. Her letter also alleged that multiple patient's of Dr. Ghosh had died in the previous year and she was concerned about the treatment Ernest Morris was receiving.

9. That on August 13, 2007, as a direct and proximate result of one or more of the acts and/or omissions of the Defendant, Ernest Morris was pronounced dead due to Complications of a Cerebral Infarction, and that significant conditions contributing to the cause of death include Hypertensive Cardiovascular Disease and Diabetes Millitus. The aforementioned conditions contributing to the cause of death were known prior to the decedent's death and were not properly treated due to certain acts and/or omissions of the Defendant.

10. That the rights of the decedent secured to him through the 8th and 14th Amendments of the Constitution of the United States were violated by denying him access to proper medications and treatment that resulted in his death due to a cerebral infarction and that this resulted from a denial of his equal protection rights guaranteed by the 14th Amendment as the treatment received by the Decedent was a result of his race. This cause of action is entitled

to be brought by the Plaintiff, DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST GEOFFREY MORRIS, under 42 U.S.C. § 1983.

11.     That the United States District Court for the Northern District of Illinois has jurisdiction to hear Count I under 28 U.S.C. § 1331 as a claim brought under the Civil Rights Act of 1871.

WHEREFORE, the Plaintiff, DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST GEOFFREY MORRIS, deceased, demands judgment against the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS and ROGER E. WALKER, JR., as agent, servant, and/or employee of the ILLINOIS DEPARTMENT OF CORRECTIONS, in an amount in excess of $50,000 for compensatory damages, in an amount in excess of $50,000 for punitive damages, plus interest, reasonable attorney fees, and costs.

## COUNT II

## VIOLATION OF THE SURVIVAL ACT, 755 ILCS 5/27-6

1-9.    DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST GEOFFREY MORRIS, dceased, re-alleges and incorporates herein paragraphs 1-9 of Count I as paragraphs 1-9 of Count II, *in haec verba*.

10.     That on August 13, 2007, and for some time prior thereto, there was in full force and effect in the State of Illinois a certain act, commonly known as the Survival Act, 755 ILCS 5/27-6.

11.     The United States District Court for the Northern District of Illinois has jurisdiction to hear Count II under 28 U.S.C. § 1367 as the allegations contained herein form part of the same case and controversy as the allegations contained in Count I.

12.     As a direct and proximate result of the foregoing acts and/or omissions of the Defendant, the decedent, ERNEST MORRIS, was then and there severely and permanently injured; he sustained irreparable physical injuries; he experienced pain and suffering; he sustained a severe shock to his nervous system and other systems of his body; and he suffered acute and prolonged physical and mental pain and suffering.

13.     Under The Illinois Survival Act, 755 ILCS 5/27-6, DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST MORRIS, is entitled to maintain a cause of action under the law of Illinois, 735 ILCS 5/13-209.

WHEREFORE, the Plaintiff, DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST GEOFFREY MORRIS, deceased, demands judgment against the Defendants, in an amount in excess of $50,000, plus interest, reasonable attorney fees, and costs.

## COUNT III

## WRONGFUL DEATH ACT, 740 ILCS 180/1

1-9.    DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST GEOFFREY MORRIS, deceased, re-alleges and incorporates herein paragraphs 1-9 of Count I as paragraphs 1-9 of Count II, *in haec verba*.

10.     That on August 13, 2007, and for some time prior thereto, there was in full force and effect in the State of Illinois a certain act, commonly known as the Wrongful Death Act, 740 ILCS 180/1.

11.     The United States District Court for the Northern District of Illinois has jurisdiction to hear Count II under 28 U.S.C. § 1367 as the allegations contained herein form part of the same case and controversy as the allegations contained in Count I.

12. Under The Illinois Wrongful Death Act, 740 ILCS 180/1, DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST MORRIS, is entitled to maintain a cause of action under the law of Illinois and that up to and including August 13, 2007, Ernest Morris had not previously brought a cause of action against the Defendant for the inadequate medical treatment furnished by the Defendant.

WHEREFORE, the Plaintiff, DERRICK MORRIS, as Independent Administrator of the Estate of ERNEST GEOFFREY MORRIS, deceased, demands judgment against the Defendants, in an amount in excess of $50,000, plus interest, reasonable attorney fees, and costs.

The Plaintiff, DERRICK MORRIS, demands that this case be tried by a jury.

Respectfully Submitted,

The Law Offices of Nicholas C. Syregelas

s/: Nicholas C. Syregelas
Nicholas C. Syregelas

The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900
Attorney Code: 11010
*08-112/complaint*

## **CERTIFICATION**

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 9th, day of August, 2008.

s/: Nicholas C. Syregelas
Nicholas C. Syregelas