UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MORRIS, as Administrator of the Estate of ERNEST G. MORRIS, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 08 C 4518 |
| DR. PARTHA GHOSH, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

There are two motions before the Court. Plaintiff Derrick Morris ("Morris"), as administrator of the estate of decedent Ernest G. Morris ("Ernest"), moves for partial summary judgment against Doctor Partha Ghosh's ("Dr. Ghosh") affirmative defenses based on qualified immunity and failure to state a claim upon which relief can be granted. In addition, the Court *sua sponte* converts Dr. Ghosh's first affirmative defense into a motion to dismiss for failure to state a claim. For the reasons set forth below, Dr. Ghosh's motion to dismiss and Morris' motion for partial summary judgment as to the second affirmative defense are denied. Morris' motion for partial summary judgment as to the first affirmative defense is denied as moot.

## BACKGROUND

Ernest was incarcerated at the Statesville Correctional Facility, in Illinois (the "SCF"). During his incarceration, Ernest needed special medical attention because he suffered from congestive heart failure, hypertension, asthma, unstable angina, and type-2 diabetes. At the SCF, Ernest was allowed to make sick calls as needed and was placed in chronic care clinics where he was seen at regular intervals by medical staff. Whenever higher medical care was needed, Ernest was transferred to the Provena-Saint Joseph's Hospital or to the Cardiology Department of the University of Illinois at Chicago (the "UIC Cardiology"), where he was treated by outside physicians.

All medical transfers of inmates to outside facilities were managed and approved by SCF's Medical Director, Dr. Partha Ghosh ("Ghosh"), who was employed by Wexford Health Sources, Inc., a private company. In his administrative capacity, Dr. Ghosh's role was to determine when and to what extent referrals to outside physicians was appropriate. When an inmate would return from an outside facility, Dr. Ghosh would see him, run a cursory check, summarize his medical conditions and the medication he needed to take, and re-admit him in the correctional institute.

Due to his heart and diabetes problems, Ernest was regularly transferred to outside physicians. From November 10, 2005, to April 3, 2007, Dr. Ghosh regularly scheduled appointments and referred Ernest to outside podiatrists, ophthalmologists,

and cardiologists. Upon Ernest's return to the SCF, Dr. Ghosh would examine the outside checkup results and sign off on them. He would then see Ernest, run cursory checks on him, summarize his medical problems and medication, and recommend follow-ups in clinics at the SCF. At no time during these medical referrals and appointments did Dr. Ghosh directly and personally examine Ernest.

On August 13, 2007, Ernest succumbed to a cerebral infarction. On August 19, 2009, Morris filed this action against Dr. Ghosh. In his third amended complaint, Morris asserts a claim under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, and two supplemental claims for medical malpractice under the Illinois Survival Act and the Illinois Wrongful Death Act. The complaint also seeks recovery of funeral and burial expenses. On September 8, 2009, Dr. Ghosh filed an answer raising two affirmative defenses based on Morris' failure to state a claim upon which relief can be granted and on Dr. Ghosh's qualified immunity. Morris now moves for partial summary judgment with respect to the affirmative defenses.

**LEGAL STANDARD**

I. **Motion to Dismiss for Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a

motion to dismiss, a court draws all reasonable inferences in favor of the plaintiff, construes the allegations of a complaint in the light most favorable to the plaintiff, and accepts as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations within a complaint must raise a claim for relief "above the speculative level." *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim, a complaint must describe the claim in sufficient detail to give the defendant notice of what it is and the ground upon which it rests and plausibly suggest that the plaintiff has a right to relief. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

## II. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Protective Life Ins. Co. v. Hansen*, 632 F.3d 388, 391-92 (7th Cir. 2011). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 297 (7th Cir. 2010). A court construes all facts and draw all reasonable inferences in favor of the

non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). With these principles in mind, we turn to the present motions.

## DISCUSSION

**A.     Procedural Posture**

As a preliminary matter, the Court clarifies the procedural posture of the case. At this later stage of the proceedings, the proper vehicle for asserting a defense for "failure to state a claim" is a motion to dismiss. The Court *sua sponte* strikes Dr. Ghosh's affirmative defense for "failure to state a claim" and converts it into a motion to dismiss. Morris' motion for partial summary judgment against the second affirmative defense of qualified immunity remains intact. Accordingly, there are two motions before the Court: (1) Dr. Ghosh's motion to dismiss for failure to state a claim, and (2) Morris' partial summary judgment on the qualified immunity defense. Morris' motion for partial summary judgment as to the first affirmative defense of failure to state a claim is denied as moot. We will address each motion in turn.

**B.     Motion to Dismiss for Failure to State a Claim**

Dr. Ghosh argues that Morris has not stated a claim of deliberate indifference to his serious medical needs pursuant to 42 U.S.C. § 1983. Dr. Ghosh reasons that he did not know of, and therefore did not intentionally disregard, an excessive risk to the inmate's health.

To state a claim of cruel and unusual punishment under the Eighth Amendment, a plaintiff must show deliberate indifference to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A deliberate indifference claim contains objective and subjective elements. *Walker v. Benjamin*, 293 F.3d 1030, 1036 (7th Cir. 2002). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "The deprivation suffered by the prisoner must be objectively sufficiently serious." *Walker*, 293 F.3d at 1036. The subjective element requires plaintiff to show that the prison official acted with a sufficiently culpable state of mind. *Id*. "[Plaintiff] need not prove that the prison officials intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). "It is enough to show that the defendant actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Walker*, 293 F.3d at 1036. A plaintiff need only show that the defendants' responses were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Applying these standards, the Court concludes that Morris' third amended complaint pleads facts that at least create a suspicion of deliberate indifference to a

serious medical need. The complaint specifically alleges that, during his incarceration, Ernest suffered from hypertension, hypertensive heart disease, type-2 diabetes, congestive heart failure, and unstable angina. These allegations establish that Ernest was an inmate with serious medical needs because failure to appropriately treat him could have resulted in significant injury and pain. The complaint further alleges that, among other shortcomings, Dr. Ghosh failed to ensure that Ernest received appropriate medical attention and medication, failed to recognize complications in Ernest's condition which required change in treatment, medication, and monitoring, failed to prevent Ernest from going into a cerebral infarction, failed to immediately call an ambulance for his transportation to the emergency room, and failed to provide emergency medical care after Ernest had suffered a cerebral infarction. Finally, Morris claims that these omissions directly and proximately resulted in Ernest's death. Based on the foregoing allegations, the Court finds that Morris describes a plausible Section 1983 claim against Dr. Ghosh because the complaint contains sufficient allegations that Dr. Ghosh knew of, and could have intentionally or recklessly disregarded, Ernest's medical needs. Because the Court is satisfied that Morris has plead sufficient facts to state a claim against Dr. Ghosh, Dr. Ghosh's motion to dismiss is denied.

## B. Qualified Immunity

Morris next argues that this Court should grant summary judgment in his favor with respect to Dr. Ghosh's qualified immunity defense. Morris' argument is two-fold. He contends that Dr. Ghosh cannot raise a qualified immunity defense because (1) Dr. Ghosh is a private actor and (2) Morris has properly stated a deliberate indifference claim.

Morris first submits that Dr. Ghosh is not a state actor because he is employed by a private company and, as such, cannot assert a qualified immunity defense. In support, Morris cites *Richardson v. McKnight*, 521 U.S. 399 (1999), where the Supreme Court held that prison guards employed by a private prison management firm were not entitled to qualified immunity from suit by prisoners charging a Section 1983 violation. *Id*. at 412. Morris maintains that the *Richardson* holding should be expanded to apply to physicians employed by a private firm. For several reasons, this Court declines the invitation.

First, the Court is not persuaded that *Richardson* is indistinguishable from the instant case. *Richardson* involved privately employed prison guards, not privately employed physicians or medical directors. In addition, the *Richardson* court specifically stated that the qualified immunity question was narrowly construed, "in the context in which it arose. That context is one in which a private firm, systematically organized to

- 8 -

assume a major lengthy administrative task (managing an institution) with limited direct supervision by the government, undertakes that task for profit and potentially in competition with other firms. The case does not involve a private individual briefly associated with a government body, serving as an adjunct to government in an essential governmental activity, or acting under close official supervision." *Id*. 413. Morris has not presented undisputed facts from which we can determine whether Dr. Ghosh's status as a private contractor is analogous to the private contractor in *Richardson*.

For much the same reasons, the Seventh Circuit in *Sain v. Wood* also declined to expand the *Richardson* holding to a case involving a privately employed physician at a correctional facility. 512 F.3d 886, 893 (7th Cir. 2008). Specifically, the court noted that "[g]iven the absence of any record addressing Richardson[,] the district court did not commit plain error in assuming [] that [the doctor] was entitled to assert qualified immunity." *Id*.

Finally, Seventh Circuit precedent is directly applicable to the present case. In *Williams v. O'Leary*, the court held that private physicians whose employers had contracted with a state prison to provide medical services to inmates were entitled to assert a qualified immunity defense. 55 F.3d 320, 324 (7th Cir. 1995). Here, like the employers in *Williams*, Dr. Ghosh's employer had contracted with the government to provide medical services to state prisoners. Accordingly, we conclude that Dr. Ghosh,

a private physician acting under government contract, is entitled to raise a qualified immunity defense.

Morris next argues that he has properly asserted a deliberate indifference claim, and as a result, Dr. Ghosh cannot raise a qualified immunity defense. To overcome a qualified immunity defense, a plaintiff must satisfy a two-prong test by (1) alleging the deprivation of an actual constitutional right, and (2) demonstrating that the right in question was clearly established at the time of the alleged violation. *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

With regard to the first prong of the test, Morris has alleged the deprivation of valid constitutional rights as to his need for medical attention. *See Hayes v. Snyder*, 546 F.3d 516, 528 (7th Cir. 2008) (explaining that prison officials violate an inmate's constitutional rights when they deliberately disregard his serious medical needs). Accordingly, Morris has satisfied the first prong of the test. As to the second prong, a plaintiff invokes a "clearly established" right, when "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing is violating that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In the instant case, Morris does not demonstrate an absence of genuine issue of material facts with respect to the reasonableness of Dr. Ghosh's conduct towards Morris' serious medical needs. Morris does not show how Dr. Ghosh reasonably understood that his conduct

was violating Ernest's constitutional rights. Morris does not establish beyond dispute that Dr. Ghosh had actual knowledge of a substantial risk to Ernest's health, failed to take reasonable measures to provide him appropriate medical care, especially when he drew the conclusion that Ernest required immediate medical care, or had the requisite culpable state of mind. Because issues of fact still exist as to whether Ernest's constitutional right was clearly established and, as a result, whether Dr. Ghosh is entitled to qualified immunity, Morris' motion for partial summary judgment on Dr. Ghosh's qualified immunity defense is denied.

## CONCLUSION

Based on the foregoing analysis, Dr. Ghosh's motion to dismiss for failure to state a claim is denied. Morris' motion for partial summary judgment is denied as to the qualified immunity affirmative defense. Morris' motion for partial summary judgment as to the first affirmative defense is denied as moot.

_____
Charles P. Kocoras
United States District Judge

Dated:   June 21, 2011