UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MORRIS, as Administrator of the Estate of ERNEST G. MORRIS, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 08 C 4518 |
| DR. PARTHASARATHI GHOSH, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant Dr. Parthasarathi Ghosh's ("Dr. Ghosh") motion for partial summary judgment on Plaintiff Derrick Morris' ("Plaintiff") complaint. For the reasons set forth below, Dr. Ghosh's motion is denied.

**BACKGROUND**

Ernest Morris ("Morris") was incarcerated at the Stateville Correctional Facility ("Stateville") at all times relevant to this lawsuit. Morris suffered from multiple ailments, including asthma, hypertension, Type II diabetes, and congestive heart failure. During Morris' incarceration, Dr. Ghosh was the Medical Director at Stateville. As the Medical Director, Dr. Ghosh met with inmates primarily when they were brought to him for referral to outside medical providers. Other physicians at Stateville would provide day-to-day medical care to inmates, including Morris.

On August 13, 2007, Morris died from a cerebral infarction while in segregation. Plaintiff, the administrator of Morris' estate, filed a four-count complaint on August 19, 2009 alleging that Dr. Ghosh failed to provide appropriate medical care to Morris in violation of his Eighth Amendment rights and alleging medical malpractice claims under Illinois law. Dr. Ghosh now moves for summary judgment as to Morris's Eighth Amendment claim.[1]

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 656 (7th Cir. 2010). A non-movant's failure to respond to a motion for summary judgment does not automatically result in a judgment for the movant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Rather, the ultimate burden of persuasion remains with the movant to show that it is entitled to judgment as a matter of law. *Id.* In considering a motion for summary judgment, a court construes all facts and draws all reasonable

---

[1] Dr. Ghosh did not argue that he is entitled to summary judgment on Plaintiff's medical malpractice claims.

inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2010).

## DISCUSSION

A claim of deliberate indifference contains both an objective and subjective component. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 201) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the objective component, a plaintiff must demonstrate that his medical need was sufficiently serious. *Id.* (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997)). A medical need is sufficiently serious "if the inmate's condition 'has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Here, Morris was diagnosed with asthma, hypertension, diabetes, and congestive heart failure. The parties do not dispute that these conditions are sufficiently serious, and the objective component is therefore satisfied.

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Greeno,* 414 F.3d at 653. For prison medical officials, such a state of mind exists if his or her medical decisions are "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person

responsible actually did not base the decision[s] on such a judgment." *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation omitted).

Dr. Ghosh maintains that as the Medical Director at Stateville, he was not responsible for the day-to-day medical care of inmates, including Morris. To the extent he provided treatment to Morris, Dr. Ghosh maintains that such care was reasonable and appropriate. To succeed on a motion for summary judgment, Dr. Ghosh must provide factual support for his assertions in the form of admissible evidence. N.D. Ill. L.R. 56.1. Although Dr. Ghosh has submitted a Statement of Material Facts in accordance with the local rules, his submission suffers from two serious deficiencies. First, several of Dr. Ghosh's statements are unsubstantiated by or mis-cite the record. Second, Dr. Ghosh relies extensively on the expert report of Dr. Bruce Doblin ("Dr. Doblin") to support his assertion that any medical care he provided to Morris was appropriate. This expert report, however, is not accompanied by a sworn statement and is therefore inadmissible. *See Scott v. Edinburg*, 346 F.3d 752, 759 (7th Cir. 2003) (excluding an expert report that was introduced into the record "without any supporting affidavit verifying its authenticity"). As such, Dr. Ghosh may not rely on Dr. Doblin's report to support his motion for summary judgment.

Once the unsupported facts are removed from Dr. Ghosh's Statement of Material Facts, all that remains is the fact that Dr. Ghosh did not routinely provide medical

treatment to Morris. This fact alone is insufficient to establish that Dr. Ghosh's treatment or lack thereof did not substantially deviate from accepted medical practice. Therefore, Dr. Ghosh's motion for summary judgment is denied without prejudice.

## CONCLUSION

In light of the foregoing, Dr. Ghosh's motion for summary judgment as to Count I of Plaintiff's Third Amended Complaint is denied without prejudice.

*/s/ Charles P. Kocoras*
_____
Charles P. Kocoras
United States District Judge

Dated:   February 6, 2012