# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4518 | **DATE** | 10/11/2012 |
| **CASE TITLE** | Morris vs. Ghosh | | |

**DOCKET ENTRY TEXT**

All pending motions are denied.

■ [ For further details see text below.]   Docketing to mail notices.

## ORDER

    This matter comes before the Court on Plaintiff Derrick Morris's ("Derrick") motion for appointment of counsel and a motion submitted by Barry Morris ("Barry") for intervention. For the reasons set forth below, this Court refrains from ruling on the aforementioned motions due to its lack of jurisdiction.

    Ernest Morris ("Morris") was incarcerated in Stateville Correctional Facility ("Stateville") at all times relevant to this lawsuit. Morris suffered from a multitude of health problems including asthma, hypertension, Type II diabetes, and congestive heart failure. During Morris's incarceration, Dr. Parthasarathi Ghosh ("Ghosh") was the Medical Director at Stateville. Ghosh met with inmates primarily when they were brought to him and were in need of a referral to outside medical providers.

    On August 13, 2007 Morris died from cerebral infarction while in segregation. Derrick, the administrator of Morris's estate, filed a four count complaint on August 19, 2009 alleging that Ghosh failed to provide appropriate medical care to Morris in violation of his Eighth Amendment rights and alleging state law medical malpractice claims.

    Derrick was represented by counsel in the initial stages of the litigation. However on October 19, 2011, we granted Derrick's counsel leave to withdraw. Subsequently, Ghosh filed a motion for summary judgment, which was denied. At this time the Court set a status hearing for February 16, 2012.

    Derrick failed to appear on February 16, 2012 which necessitated scheduling another status conference for March 13, 2012. This Court submitted a docket entry warning Derrick that his failure to appear may result in the dismissal of his claims. Counsel for Ghosh sent this Court's February 16, 2012 docket entry by certified mail to Derrick, which was signed and received by him on February 27, 2012. On March 13, 2012 after the failure of the Derrick to appear for the status hearing, this Court set an additional status hearing for April 12,

**ORDER**

2012 and emphasized that the case will be dismissed with prejudice for want of prosecution if Derrick fails to appear. Derricks failure to appear on April 12, 2012 prompted this Court to dismiss his case for want of prosecution. The dismissal titled "Judgment In A Civil Action" was filed on a Form AO 450.

As an initial matter, this Court must assess its jurisdictional basis for considering Derrick's and Barry's motions. Inherent in this inquiry is an examination of the finality of the case, in regards to the dismissal of the case for want of prosecution. The requirement of finality is a statutory mandate, not a rule of discretion. 28 U.S.C. § 1291; *Alpine State Bank v. Ohio Casualty Insurance Co.*, 941 F.2d 554, 557 (7th Cir. 1991). "In general, a decision is final for the purpose of 28 U.S.C. § 1291 if it ends the litigation on the merits and leaves nothing for the district court to do but to execute the judgment." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n.*, 805 F.2d 663, 666 (7th Cir. 1986).

A final judgment must comply with the requirements of the Federal Rule of Civil Procedure 58 ("Rule 58") to formally dispose of a case. A final judgment must be complete and self-contained, and must "set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief." *Reytblatt v. Denton*, 812 F.2d 1042, 1044 (7th Cir. 1987). Rule 58 requires the entry of a separate document, which informs the parties and the appellate court exactly what has been decided. *Id.* at 1043. The preferred means of complying with Rule 58 is for district courts to utilize Form AO 450 to indicate a final judgment. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). Compliance with the nuances of Rule 58 formally paves the way for appellate jurisdiction and has the effect of divesting a district court's jurisdiction over the matter. 28 U.S.C. § 1291 ("the courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts ..."); *See Wikoff v. Vanderveld*, 897 F.2d 232, 237 (7th Cir. 1990).

On April 12, 2012, this Court dismissed Derrick's case for want of prosecution. On the same day of the dismissal, this Court entered a separate Form AO 450 document entitled "Judgment In A Civil Action" specifying the reason for dismissal. Thus, the April 12, 2012 judgment was a final order which complied with the requirements of Rule 58. The dismissal of the case constituted a final judgment which effectively ended the litigation. The final judgment removed this Court's jurisdiction to rule on the matter.

In light of the foregoing, the Court denies Derrick's motions for appointment of counsel and Barry's motion for intervention for lack of jurisdiction.